**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **REYMUNDO PARRA-MENDEZ,** | § | |
| **Fed. Reg. No. 66689-080,** | § | |
| **Movant,** | § | **EP-09-CV-0423-KC** |
| | § | **EP-08-CR-1049-KC** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ACCEPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Movant Reymundo Parra-Mendez's ("Parra") *pro se* motion to vacate,

set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255 [ECF No.

42].[1]  In his motion, Parra challenges the sixty-three-month sentence imposed by the Court after

he pleaded guilty to illegally reentering the United States after his removal, in violation of 8

U.S.C. § 1326.  Mindful of Parra's *pro se* status, the Court has liberally read his § 2255 motion

and understands him to assert three grounds for relief.[2]  First, he maintains that the Court

miscalculated his criminal history category and misapplied the advisory sentencing guidelines.

Second, he asserts that the Court failed recognize his status as a deportable alien was a mitigating

factor deserving of a non-guidelines sentence.  Third, he claims that his counsel provided

ineffective assistance when they failed to raise these issues at his sentencing hearing and in his

---

[1]     "ECF No." in this context refers to the number assigned to a document filed in
the electronic case management system, CM/ECF, in cause number EP-08-CR-
1049-KC.

[2]     *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to
less stringent standards than formal pleadings drafted by lawyers); *see also
Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal
construction allows active interpretation of a *pro se* pleading to encompass any
allegation which may raise a claim for federal relief).

direct appeal.

In an order [ECF No. 43] dismissing Parra's first two claims, the Court explained that "[a] district court's calculation under or application of the sentencing guidelines, standing alone, is not the type of error cognizable under section 2255."[3] Further, "because deportable alien status is an element of the crime to which the guideline applies, alienage was necessarily 'taken into consideration by the Sentencing Commission in formulating the guideline.'"[4] Thus, Parra's status as a deportable alien was not "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."[5] Moreover, the Court noted that a successful claim of ineffective assistance of counsel could not be based on an attorney's failure to raise a fruitless argument.[6] Thus, there was no attorney error when Parra's counsel failed to raise Parra's proposed argument for a non-guidelines sentence.[7] The Court concluded, however, that Parra's remaining claim–that his trial and appellate counsel provided ineffective assistance when they failed to challenge the Court's calculation of his criminal history category and twelve-level enhancement of his base offense level–required additional briefing. Accordingly, the Court ordered the Government to show cause why the relief Parra sought should not be granted.

In its response [ECF No. 47], the Government argued that "[t]he conclusory allegations of

---

[3]    Order for Service and Advisory 1 (quoting *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995)).

[4]    *Id.* at 2 (quoting *United States v. Garay*, 235 F.3d 230, 233 (5th Cir. 2000); *United States v. Gonzalez-Portillo*, 121 F.3d 1122, 1124-25 (7th Cir. 1997)).

[5]    *Id.* (quoting 18 U.S.C. § 3553(b) (West 2011)).

[6]    *Id.* (citing *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999)).

[7]    *Id.*

ineffective assistance of counsel set forth by Petitioner in his . . . motion are not supported by specific facts or by the record."[8]  The Government explained that the presentence investigation report correctly assessed Parra fifteen criminal history points based on his prior convictions for burglary, illegal reentry, and trafficking in a controlled substance, and because he committed the instant offense while on supervised release and within two years following his release from custody.  Further, "because he was removed subsequent to his prior drug trafficking conviction, 12 levels were added pursuant to [Sentencing Guideline] § 2L12(b)(1)(B)."[9]  Moreover, the Government provided an affidavit showing that Parra's trial counsel agreed that the probation officer properly scored Parra's criminal history.[10]  The Government concluded "[a]ny objection to the Court's calculation of Petitioner's criminal history category under the Sentencing Guidelines would have been without merit and Counsel was not ineffective for failing to raise this objection."[11]

On February 11, 2011, the United States Magistrate Judge to whom this matter was referred issued a report and recommendation [ECM No. 49].[12]  In the report, the Magistrate Judge recommended that the Court deny Parra's motion.  The Magistrate Judge reviewed Parra's

---

[8]       Gov't's Resp. 5.

[9]       *Id.* at 4.

[10]      *Id.* at 5 (citing Aff. of Anne Teresa Berton at Ex. G).

[11]      *Id.* at 5-6 (citing *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a . . . meritless claim."))

[12]      *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2255 PROC. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

criminal history and concluded his claim that the Court miscalculated his criminal history category and misapplied the advisory sentencing guidelines was without merit. "It follows, therefore, that Parra's trial counsel was not ineffective for failing to object to the [presentence investigation report] and his appellate counsel was not ineffective for failing to challenge his sentence on this ground."[13]

The Magistrate Judge gave Parra fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[14] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[15] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[16] After completing its review, the Court may accept, reject, or modify the

---

[13] Report and Recommendation 15 (citing *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1984) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *Kimler*, 167 F.3d at 893 ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.")).

[14] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[15] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[16] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

report, in whole or in part.[17]

Parra makes two objections to the Magistrate Judge's report.  First, he maintains his counsel provided ineffective assistance when they did not challenge the criminal history points awarded by the Court for his 1994 burglary conviction in Moore County, Texas, and his 1995 illegal reentry conviction in the Western District of Texas.  He argues the convictions occurred more than ten years before his instant offense in 2008, and, according to Sentencing Guideline § 4A1.2(e)(2), they should not have been counted.  Second, he asserts his counsel provided ineffective assistance when they failed to object to the Court increasing his base offense level due to his 1998 drug trafficking conviction in Arriba County, New Mexico.  He argues that since the trial court suspended all but eight months of his nine-year sentence for the offense, it was not a "felony" for the purposes of the advisory sentencing guidelines and should not have been used to enhance his base offense level.

The Magistrate Judge thoroughly–and correctly–addressed these issues in the report.  The Magistrate Judge noted that the trial court sentenced Parra in 1994 to two years in custody for burglary.  "Therefore, . . . the applicable statutory period for the recency requirement is fifteen years, as provided under § 4A1.2(e)(1)."[18]  Further, the Magistrate Judge explained that the trial court sentenced him in 1995 to eighteen months in prison for illegal reentry.  Thus, "the fifteen-

---

[17]    See 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[18]    Report and Recommendation 14.

Case 3:08-cr-01049-DCG   Document 53   Filed 03/22/11   Page 6 of 8

year statutory period under § 4A1.2(e)(1) applies."[19]  Finally, the Magistrate Judge found that the

Court correctly enhanced Parra's offense level based on his 1998 drug trafficking conviction in

New Mexico.  The Magistrate Judge reasoned that under New Mexico law, trafficking in a

controlled substance is a second degree felony punishable by a maximum sentence of nine years'

imprisonment.[20]

> [T]he sentencing court in Para's [sic] prior conviction for Trafficking in a
> Controlled Substance sentenced him to nine years in custody, all of which,
> except for eight months of custody, was suspended.  Accordingly, sentence
> imposed was eight months.  Consequently, Parra's prior conviction meets §
> 2L1.2(b)(1)(B)'s requirement that 'sentence imposed was 13 months or
> less.'"[21]

While Parra may not agree with the Magistrate Judge's findings, the Court concludes they

are correct.  Therefore, the Court will overrule Parra's objections and accept the Magistrate

Judge's report.  Additionally, the Court will deny Parra a certificate of appealability.

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit

justice or judge issues a certificate of appealability."[22]  Further, appellate review of a habeas

petition is limited to the issues on which a certificate of appealability is granted.[23]  In other

words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

---

[19]     *Id.*

[20]     *Id.* (citing N.M. STAT. ANN. §§ 30-31-20(B)(1), 31-18-15(A)(6) (West 1998):
         *Marquez v. Hatch*, 212 P.3d 1110, 1111 (N.M. 2009)).

[21]     *Id.* at 10.

[22]     28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

[23]     *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in
         regard to the denial of relief in habeas corpus actions, the scope of appellate
         review is limited to the issues on which a certificate of appealability is granted).

limiting appellate review solely to those issues on which a certificate of appealability is granted.[24] Although Parra has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[25]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[26] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[27] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[28] Here, Parra's motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds that it should deny Parra a certificate of

---

[24]    *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

[25]    *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[26]    28 U.S.C.A. § 2253(c)(2).

[27]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[28]    *Slack*, 529 U.S. at 484.

appealability.

Therefore, after due consideration, the Court enters the following orders:

1.    The Court **OVERRULES** Movant Reymundo Parra-Mendez's objections to the

Magistrate Judge's report and recommendation [ECM No. 52].

2.    The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECM

No. 49].

3.    The Court **DENIES** Movant Reymundo Parra-Mendez's *pro se* motion to vacate,

set aside, or correct a sentence by a person in federal custody under 28 U.S.C. §

2255 [ECF No. 42].

4.    The Court **DISMISSES WITH PREJUDICE** Movant Reymundo Parra-

Mendez's civil cause.

5.    The Court **DENIES** Movant Reymundo Parra-Mendez a **CERTIFICATE OF**

**APPEALABILITY**.

6.    The Court **DENIES** all pending motions, if any, as moot.

**SO ORDERED**.

**SIGNED** this 22nd day of **March, 2011**.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE